Honorable Scott W. Johnson Reeves County Attorney P.O. Box 749 Pecos, Texas 79772
Re: Authority of a county auditor to audit the inmate trust and jail commissary fund
Dear Mr. Johnson:
Your request for an opinion poses the following question:
 Are the inmate trust account and jail commissary account, held and operated by the county sheriff subject to audit by the county auditor?
We believe Attorney General Opinion H-1185 (1978) to be dispositive of your question. Insofar as is relevant to the issue you present, it provides:
 The county attorney contends that, since bond money is held by the sheriff in trust on behalf of a defendant, it never assumes the character of county funds and is therefore not subject to audit. Article 1651, V.T.C.S., however, grants to the county auditor
 a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county. . . .
Thus, if a county officer is authorized to collect any funds belonging to the county, all his records are subject to audit, without regard to the character of any particular money which he collects in an official capacity.
 Furthermore, by virtue of article 1653, V.T.C.S., the auditor is granted `continual access' to and required to `examine all the books, accounts, reports, vouchers and other records of any officer. . . .' In Attorney General Opinion WW-1400 (1962), this office held that it was the county auditor's duty `to audit the child support account books of a District Clerk.' We believe it is abundantly clear that the statutes direct the county auditor to audit all monies held by the sheriff in an official capacity, whether or not such monies belong to the county. But cf., Attorney General Opinion M-803 (1971) (sheriff is not required to comply with county auditor's request under article 1663 for information on feeding prisoners). (Emphasis added).
It would appear that the circumstances in Attorney General Opinion H-1185 are similar to those you have presented. Thus, it is our opinion that the inmate trust account and the jail commissary account held by the sheriff are subject to audit by the county auditor.
 SUMMARY
The inmate trust account and the jail commissary account held and operated by the county sheriff, whether or not the monies therein belong to the county, are subject to audit by the county auditor under articles 1651 and 1653, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General